*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* E. D. ETHRIDGE, Minor.

UNPUBLISHED
July 18, 2024

No. 367637
Wayne Circuit Court
Family Division
LC No. 2023-000783-NA

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his minor child, EDE, under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*). We affirm.

## I. FACTS

In April 2023, EDE reported to Child Protective Services (CPS) that respondent had sexually assaulted her. Respondent is EDE's biological father. Respondent did not have an ongoing relationship with EDE's mother, however, and EDE testified that she did not meet respondent until she was 10 years old, and saw him only rarely. In the summer of 2022, EDE was 15 years old and began visiting respondent approximately every week or two. EDE told CPS workers that in July 2022, she twice visited respondent at his girlfriend's house, where respondent lived. She testified that the first visit occurred when respondent invited her to swim in the pool at the house and bought her a swimsuit. The second time she visited respondent in July 2022, she chose to watch television in an upstairs bedroom. She testified that while she was watching SpongeBob, respondent joined her in the room and sexually assaulted her. She testified that respondent took off his shorts and put his penis on her wrist. He then pulled down her shorts and her underwear and tried to insert his penis into her vagina, but was unable to. She reported that respondent spit on his penis, but still was unsuccessful in inserting his penis into her vagina. When respondent's girlfriend started up the stairs, respondent hurriedly put on his shorts and told EDE to put on her shorts. Respondent then drove EDE home to her mother's house. EDE testified that during the drive, respondent told her to "suck" his penis. She testified that she refused and said that he was her Dad, but that respondent replied that he did not care. He then told her not to tell anyone about what had occurred because he would get in a lot of trouble if she did. EDE did not visit with or speak to respondent again.

EDE testified that she was afraid to tell her mother, but after several months she disclosed the information to her therapist, and later to CPS. CPS filed a permanent custody petition on behalf of petitioner, the Department of Health and Human Services (DHHS), requesting that the trial court take jurisdiction of EDE, remove EDE from respondent's care, and enter an order terminating respondent's parental rights to EDE under MCL 712A.19b(3)(b)(*i*), (j), (g), (k)(*ii*), and (k)(*ix*). The petition alleged that respondent sexually abused EDE in July of 2022, and also alleged that respondent had abandoned EDE by not providing child support or visiting EDE since August 1, 2022. The trial court authorized the petition.

The trial court held a bench trial concerning jurisdiction, whether a statutory basis for termination existed, and the best interests of the child. EDE, who was 16 years old at the time of trial, testified consistent with her report to CPS. The trial court found EDE's testimony credible. The trial court observed that EDE appeared to have some developmental delays, but that her testimony regarding the abuse was clear and consistent and she did not appear to be coached, and in fact did not appear to be capable of following a coached narrative. The trial court found that there was enough evidence to establish jurisdiction by a preponderance of the evidence under MCL 712A.2(b), and that there was clear and convincing evidence that established statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*). The trial court found that respondent sexually abused EDE by attempted penetration, and that based upon respondent's conduct, there was a reasonable likelihood that EDE would be harmed if returned to his care. The trial court also found that termination of respondent's parental rights was in EDE's best interests. The trial court considered the testimony by all witnesses, the clinical evaluation, and the fact that EDE continued to live with her mother (a relative). The trial court reasoned that the credible allegations of sexual abuse combined with the clinical evaluation's findings were enough to overcome EDE's relative placement, which weighed against termination. The trial court found that EDE was at risk of future abuse by respondent and that she deserved to be raised in a safe environment. The court entered an order terminating respondent's parental rights. Respondent now appeals.

## II. DISCUSSION

### A. STATUTORY BASIS

Respondent contends that the trial court erred by finding that sufficient evidence was introduced to warrant termination of his parental rights under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*) because the allegations of sexual abuse were false. We disagree that the trial court erred.

To terminate parental rights, the trial court must find that a statutory basis warranting termination under MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Sanborn*, 337 Mich App 252, 272; 976 NW2d 44 (2021). In determining whether a statutory basis for termination has been established under MCL 712A.19b(3), the trial court may consider "any evidence that had been properly introduced and admitted at the adjudication trial . . . , along with any additional relevant and material evidence that is received by the court at the termination hearing." *In re Mota*, 334 Mich App 300, 316; 964 NW2d 881 (2020).

We review for clear error the trial court's factual findings and its determination that a statutory basis for termination has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). The decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). We afford the trial court's dispositional orders "considerable deference on appellate review," *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014), and will not find a trial court's decision clearly erroneous unless it is more than possibly or probably incorrect, *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*). MCL 712A.19b(3)(b) provides, in relevant part:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:
>
> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent.
>
> (k) The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:
>
> * * *
>
> (*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.
>
> * * *
>
> (*ix*) Sexual abuse as that term is defined in section 2 of the child protection law, 1975 PA 238, MCL 722.622.

Under MCL 712A.19b(3)(b)(*i*), termination is warranted if the respondent parent caused the child to suffer sexual abuse and there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home. EDE testified that respondent

attempted to penetrate her vagina with his penis, put his penis on her wrist, and told her to suck his penis while he drove her home. EDE disclosed this abuse to her therapist and later to CPS workers. In the clinical evaluation, EDE told interviewers that she thought respondent "might do it again." The trial court found respondent's testimony credible. The sexual abuse occurred shortly after respondent began visiting with EDE, supporting the conclusion that if he were to resume contact with EDE, there is a reasonable likelihood that she would suffer similar abuse by respondent in the foreseeable future. The trial court therefore did not clearly err when it found clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*).

For the same reasons, the trial court did not err by finding that termination was warranted under MCL 712A.19b(3)(j). Termination is warranted under subsection (j) if the trial court finds by clear and convincing evidence that based on the conduct of the parent, there is a reasonable likelihood that the child will be harmed if returned to the parent's home. Termination is proper pursuant to MCL 712A.19b(3)(j) if there is a potential of physical or emotional harm to the child. See *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). As discussed, EDE testified that respondent sexually abused her and the trial court found EDE's testimony credible. In the clinical evaluation, EDE told interviewers that she thought respondent "might do it again." EDE's credible allegations of sexual abuse demonstrate a reasonable likelihood, based on respondent's conduct, that respondent would sexually abuse EDE if she continued visiting him. The trial court therefore did not clearly err when it found that clear and convincing evidence supported termination of respondent's parental rights under MCL 712A.19b(3)(j).

MCL 712A.19b(3)(k)(*ii*) provides for termination of parental rights when the parent abused the child by criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent. MCL 712A.19b(3)(k)(*ix*) provides for termination of parental rights when the parent sexually abused the child as defined in MCL 722.622, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent. MCL 722.622 defines confirmed sexual abuse as "sexual penetration, sexual contact, attempted sexual penetration, or assault with intent to penetrate . . ." as defined by MCL 750.520a, which defines sexual penetration to mean "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ."

In this case, EDE testified that respondent attempted to penetrate her vagina with his penis and attempted to compel her to perform fellatio on him. EDE's description of respondent's actions meets the definition of sexual abuse involving attempted penetration. The trial court also reviewed the clinical evaluation, in which EDE told interviewers that she thought respondent "might do it again" if she was returned to his care. The trial court therefore did not clearly err when it found clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(k)(*ii*) and (k)(*ix*).

## B. REASONABLE EFFORTS

Respondent contends that petitioner failed to offer him a service plan. Under Michigan's Probate Code, the DHHS must make reasonable efforts to reunify a family before seeking to

terminate a parent's parental rights, *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017), except in cases involving aggravated circumstances, *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022). MCL 712A.19a(2) provides, in relevant part:

> (2) . . . Reasonable efforts to reunify the child and family must be made in all cases except if any of the following apply:
>
> (a) There is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PA 238, MCL 722.638.

MCL 722.638(1)(a)(*ii*) refers to "criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." Thus, under MCL 712A.19a(2)(a), a judicial determination that the parent has subjected the child to criminal sexual conduct involving attempted penetration or assault with intent to penetrate is an aggravated circumstance. See MCL 722.638(1)(a)(*ii*). In this case, the trial court found aggravated circumstances existed because respondent attempted to penetrate EDE and assaulted her with intent to penetrate. Because the trial court found that aggravated circumstances existed, petitioner was not obligated to make reasonable efforts to reunify respondent with EDE.

## C. BEST INTERESTS

Respondent contends that the trial court clearly erred by finding that termination of his parental rights was in EDE's best interests. Respondent argues that the trial court failed to consider his bond with EDE and her placement with a relative. We disagree.

When a statutory basis for termination of parental rights has been established, the trial court must terminate the parent's parental rights if a preponderance of the evidence demonstrates that termination is in the child's best interests. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 236-237; 894 NW2d 653 (2016). The focus of the best-interests determination is the child, not the parent. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). We review the trial court's decision regarding a child's best interests for clear error. *In re Dearmon*, 303 Mich App 684, 699; 847 NW2d 514 (2014).

To determine whether termination of parental rights is in a child's best interests, the trial court is required to weigh all available evidence and consider a wide variety of factors, such as the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of a foster home over the parent's home, the length of time the child was in care, the likelihood that the child could be returned to the parent's home in the foreseeable future, and the parent's compliance with the case service plan. See *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63-64; 874 NW2d 205 (2015). The trial court also should consider the child's safety and well-being, including the risk of harm to the child if returned to the parent's care. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011). If the child is placed with a relative, the trial court must consider the relative placement, which generally weighs against termination, but is not dispositive. *In re Atchley*, 341 Mich App at 347.

In this case, the trial court considered the evidence, including EDE's continued placement with her mother, the clinical evaluation, EDE's testimony that respondent sexually abused her, and EDE's need for safety. The trial court acknowledged that EDE's placement with her mother weighed against termination, but determined that the relative placement did not overcome the risk to EDE of future sexual abuse, her need for safety and stability, the clinical evaluation's opinion that it was in EDE's best interests to terminate respondent's parental rights, and EDE's fear that respondent would again attempt to sexually abuse her.

There was no evidence of a bond between EDE and respondent; the evidence suggests that the opposite is true. Testimony indicated that respondent had no contact with EDE until she was 10 years old, and thereafter had only occasional contact with her until the summer of 2022. At that point, EDE was 15 years old and respondent's increased contact with EDE almost immediately resulted in respondent's sexual abuse of EDE. The trial court observed that the clinical evaluation specifically noted comments by respondent after the allegations of abuse that he did not want to be bothered with EDE, and that it was better for him to not be in the picture. The trial court did not clearly err by finding that termination of respondent's parental rights was in EDE's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young